UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

RONETTE K. WALLACE,

       Plaintiff,

v.                                          CIVIL ACTION 2:15-cv-01762

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.

PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 10), Brief in Support of Defendant's Decision (ECF No. 11) and Plaintiff's Reply to Brief in Support of Defendant's Decision (ECF No. 12).

Background

Ronette K. Wallace, Claimant, protectively applied for disability insurance benefits (DIB) under Title II and Part A of Title XVIII of the Social Security Act on October 26, 2011, alleging disability beginning on December 1, 2010 (Tr. at 110-112, 113-115).  The claim was denied initially on April 3, 2012 (Tr. at 53-57), and upon reconsideration on June 1, 2012 (Tr. at 59-61). Claimant filed a written request for hearing on June 19, 2012 (Tr. at 62-63). In her request for a hearing before an Administrative Law Judge (ALJ), Claimant stated that she disagreed with the determination made on her claim for disability benefits because the decision was contrary to the medical evidence and D regulations (Tr. at 62).  Claimant appeared in person and testified at a hearing held in Parkersburg, West Virginia on December 3, 2013 (Tr. at 28-48).  In the Decision dated December 24, 2013, the ALJ determined that the Claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act based on the application filed on October 26, 2011

(Tr. at 10-26).  On January 8, 2014, Claimant filed a Request for Review of Hearing Decision of the ALJ because the ALJ's decision was contrary to the medical evidence and regulations (Tr. at 5).  On December 18, 2014, the Appeals Council denied Claimant's request for review of the ALJ's decision (Tr. at 1-4).  The Appeals Council stated that "we considered the reasons you disagree with the decision.  We found that this information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. at 1-2).

On February 13, 2015, Claimant brought the present action requesting this Court to review the decision of the Defendant and that upon review, it reverse, remand or modify that decision.

<u>Standard of Review</u>

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.  *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 404.1520 (2015).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  *Id.* § 404.1520(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  *Id.* § 404.1520(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.* § 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  *Id.* § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  *Id.*  If it does not, the fourth inquiry is whether the claimant's impairments prevent the

performance of past relevant work.  *Id.* § 404.1520(e).  By satisfying inquiry four, the claimant

establishes a *prima facie* case of disability.  *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981).  The

burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir.

1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms

of substantial gainful activity, considering claimant's remaining physical and mental capacities and

claimant's age, education and prior work experience.  20 C.F.R. § 404.1520(f) (2015).   The

Commissioner must show two things: (1) that the claimant, considering claimant's age, education,

work experience, skills and physical shortcomings, has the capacity to perform an alternative job,

and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d

572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because

she has not engaged in substantial gainful activity since the alleged onset date of December 1,

2010, and meets the insured status requirements of the Social Security Act through December 31,

2013 (Tr. at 12).  Under the second inquiry, the ALJ found that Claimant suffers from the severe

impairments of migraine headaches, recurrent sinusitis, major depressive disorder, panic disorder

and posttraumatic stress disorder. (*Id.*)  At the third inquiry, the ALJ concluded that Claimant did

not have an impairment or combination of impairments that met or medically equaled the level of

severity of any listing in Appendix 1 (Tr. at 13).  The ALJ then found that Claimant has a residual

functional capacity to perform light work[1] (Tr. at 15).  The ALJ concluded that Claimant could not

perform past relevant work (Tr. at 21). On this basis, benefits were denied (Tr. at 22).

<u>Scope of Review</u>

---

[1]  The ALJ found that Claimant can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolding;
occasionally balance, stoop, kneel, crouch or crawl; avoid concentrated exposure to extreme cold or heat, vibration,
fumes, odors, dusts, gases or poor ventilation and hazards; limited to understanding, remembering and carrying out
only simple instructions; and no more than occasional interaction with the public (Tr. at 16).

3

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was defined as:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

### Claimant's Background

Claimant was born on November 21, 1972, and was 38 years old[2], on the alleged disability onset date.  Claimant has a high school education.  Claimant lives with her husband and 8 year old daughter.  She has a driver's license and drives her daughter to and from school (Tr. at 33).

### Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ committed reversible error by failing to obtain an updated medical expert opinion regarding medical equivalency as required by Social Security Ruling 96-6p (ECF No. 10).  Claimant argues that on November 6, 2013, she submitted new evidence to the

---

[2]  A younger individual falls within the age range of 18-49 years old.

4

ALJ in the form of a Migraine Journal[3] where she documented details about the symptoms, severity and frequency of her migraine headaches (Tr. at 212).  Claimant stated that "While this new evidence provided additional insight into Plaintiff's migraine headaches, the ALJ did not consider the information in his analysis of the severity of this impairment and resulting functional limitations, nor did he seek the updated opinion of a medical expert" (ECF No. 10).  Claimant asserts that "The last medical analysis and opinion of record did not consider critical evidence related to [her] migraine headaches, and therefore, was outdated and not probative to a disability determination" (ECF No. 12). Also, Claimant asserts that although the ALJ found that her migraine headaches constituted a severe impairment, he did not evaluate this condition under any of the Listing of Impairments, specifically Listing 11.03.

Defendant asserts that substantial evidence supports the Commissioner's decision that Claimant was not disabled (ECF No. 11).  Defendant argues that the decision as a whole establishes that the ALJ considered the evidence related to Listing 11.03 and reasonably concluded that Claimant did not have an impairment that met or medically equaled any listing.  Additionally, Defendant states that Claimant sought only conservative treatment for her migraine headaches and that the record showed improvements in the frequency of her headaches.  (*Id.*)

<u>Medical Record</u>

The Court adopts the medical record findings asserted by Claimant and Defendant to the extent as follows (ECF Nos. 10 & 11):

Treatment notes from MedExpress Urgent Care, Orton C. Armstrong, M.D., Emerson Health Care, and River Valley Medicine and Pediatrics, dated between July 2010 and September 2013, reflect that Claimant was treated for migraine headaches, sinusitis, gastroenteritis,

---

[3]  Claimant's Migraine Journal was created by Migraine Triggers Diary software by Exedrine (Tr. at 213-255).

depression, and anxiety   (Tr. at 259-310). Claimant consistently reported significant headache pain lasting from 12 hours to 6 or 7 days at a time and characterized by nausea, blurred vision, and sensitivity to light and sound (*Id.*). Claimant had tried Keflex and Bactrim without success and experienced weight gain from Inderal (Tr. at 272-378).

On November 29, 2011, Claimant's treating physician completed a medical source statement confirming diagnoses of migraines and panic attacks (Tr. at 296-298).   The doctor confirmed Claimant's headaches occurred daily and lasted 12 hours or more despite medication compliance with Xanax, Zoloft, and Inderal (*Id.*). He further stated Claimant was unable to walk or stand when a migraine occurred, must turn out the lights due to photophobia and have the room completely quiet, and occasionally used ice packs to alleviate her pain (*Id.*). Additionally, the doctor stated Claimant's migraine headaches affected her ability to concentrate and make appropriate decisions and were induced by socialized panic disorder when in public (*Id.*).

Fulvio Franyutti, M.D., reviewed Claimant's file and completed a Physical Residual Functional Capacity assessment (PRFC) at the request of the State agency (Tr. at 311-319). Dr. Franyutti did not provide a statement regarding whether Claimant's impairments met or equaled a listing (*Id.*). According to Dr. Franyutti, Claimant could lift and/or carry up to 20 pounds occasionally and 10 pounds frequently and could stand, walk, and/or sit up to six hours in an 8-hour day (Tr. at 312). The doctor provided Claimant could occasionally perform all postural functions except she should never climb ladders, ropes, and scaffolds (Tr. at 313). Dr. Franyutti also stated Claimant must avoid concentrated exposure to extreme cold, extreme heat, vibration, fumes, odors, dusts, gases, and poor ventilation, and hazards (Tr. at 315). Dr. Franyutti

summarized the medical source statement of Dr. Lowden[4] and stated he agreed with this assessment of Claimant's functional limitations and abilities and that Claimant was capable of performing light work (Tr. at 317).   On May 25, 2012, Porfino Pascasio, M.D. reviewed the then available evidence and affirmed Dr. Franyutti's opinion (Tr. at 343).

State agency physician Walter Cobbs reviewed Claimant's file and a Physical Residual Functional Capacity assessment (PRFC) at the request of the State agency (Tr. at 349-355). In regards to whether Claimant's impairments met or equaled a listing, Dr. Cobbs stated the available evidence was not detailed or specific enough to support a finding that Claimant equaled Listing 11.03 (*Id.*). According to Dr. Cobbs, Claimant could lift and/or carry up to 20 pounds occasionally and 10 pounds frequently and could stand, walk, and/or sit up to six hours in an 8-hour day but would need a brief break to stretch or change position after sitting or standing continuously for one hour (Tr. at 350).   The doctor provided Claimant could frequently perform all postural functions except she could never climb ladders, ropes, and scaffolds (Tr. at 351). Dr. Cobbs also stated Claimant must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation as well as hazards (Tr. at 352).   Dr. Cobbs reported Claimant to be partially credible (Tr. at 354).

Claimant submitted an 11-month journal through the Excedrin Migraine Trigger website (Tr. at 212-256).   The journal documented potential triggers, trigger exposure prior to headache events, headache pain location, pain level severity over an 11-month time period, from December 10, 2012 through November 6, 2013 (*Id.*).   Among the symptoms documented as occurring most frequently were sensitivity to light, noise, and smell, nausea, lightheadedness,

---

[4]  Dr. Franyuitti stated that he agreed with treating physician, Eric Lowden, M.D., as follows: "Claimant is unable to walk or stand when migraine occurs.  Must turn lights out due to photophobia and have room completely quiet. She can't sit or stand for greater than an hour.  She is compliant with treatment."

neck pain, and becoming easily confused (Tr. at 215).

Credibility Determination

The Social Security Act defines disability as the inability to do any substantial gainful activity by reason of any medically determinable impairment, "which can be expected to result in death, or which has lasted or can be expected to last, for a continuation period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, an individual must have a severe impairment that precludes her from performing not only her previous work, but also any other substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A) and § 1382c; 20 C.F.R. §§ 404.1505(a) and 416.912. The claimant bears the ultimate burden of proving disability within the meaning of the Act. *See* 42 U.S.C. § 423(d)(5)(A) and § 1382c; 20 C.F.R. §§ 404.1512(a) and 416.912.

In the present matter, substantial evidence does not support the ALJ's finding that Claimant's alleged severity of symptoms was not credible. The Fourth Circuit has held that the ALJ's failure to evaluate a claimant's credibility before analyzing the RFC is harmful error and requires remand. *Mascio v. Colvin*, 780 F.3d 632, 639-640 (4th Cir. 2015). Although the ALJ states that in determining the RFC findings he considered "all symptoms and extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," as well as opinion evidence, the ALJ failed to evaluate Claimant's credibility prior to his RFC analysis.

While analyzing Claimant's RFC, the ALJ stated the following:

- After careful consideration of the medical records, the undersigned finds the medical records support the limitations found by the undersigned in the residual functional capacity as stated above, rendering the claimant's allegations of debilitating migraine symptoms and resulting functional limitations less persuasive. (Tr. at 17).

8

- After careful consideration of the medical records, the undersigned finds the medical records support the limitations found by the undersigned in the residual functional capacity as stated above, rendering the claimant's allegations of debilitating mental health symptoms and resulting functional limitations less persuasive. (Tr. at 18).

The Fourth Circuit has held that an ALJ's credibility findings are "virtually unreviewable by this court on appeal." *Darvishian v. Green*, 404 F. App'x 822, 831 (4ᵗʰ Cir. 2010)(citing *Bieber v. Dept. of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002)); *Salyers v. Chater*, No. 96-2030, 1997 WL 71704, at *1 (4ᵗʰ Cir. Feb. 20, 1997) (unpublished) (an "ALJ's credibility findings… are entitled to substantial deference").   When evaluating a claimant's testimony, the ALJ first considers whether the claimant has one or more medically determinable impairments that could reasonably be expected to produce the symptoms alleged.  *See* 20 C.F.R. §§ 404.1529(b) and 416.929. If such an impairment(s) exists, the ALJ then evaluates the intensity, persistence and limiting effects of the alleged symptoms arising from these impairments to determine the extent to which the alleged symptoms limit the claimant's ability to work.  *See* 20 C.F.R. §§ 404.1529(c) and 416.929.   As the fact-finder, the ALJ has the exclusive responsibility for making credibility determinations.  *See*, *Shively v. Heckler*, 739 F.2d 987, 989-990 (4ᵗʰ Cir. 1984) (stating that "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight").

The procedural sequence which an ALJ must follow in determining credibility of a claimant and in determining a claimant's RFC is the issue necessitating remand in the present matter.  The regulations  on assessing credibility state that "We will consider all of the evidence presented, including information about your work record, your statements about your symptoms, evidence submitted by your treating, examining or consulting physician or psychologist, and

observations by our employees and other persons."  20 C.F.R. §§ 404.1529(c)(3) and 416.929.

When an ALJ evaluates a claimant's RFC, a medical assessment of the claimant's remaining

capabilities to work, he considers all of the relevant medical and other evidence. See   20 C.F.R. §

404.1513; SSR 96-8p.  In cases in which symptoms, such as pain, are alleged, the RFC assessment

must contain a thorough discussion and analysis of the objective medical and other evidence,

including the individual's complaints of pain and other symptoms and the adjudicator's personal

observations.  Additionally, the RFC assessment must include a resolution of any inconsistencies

in the evidence as a whole and set forth a logical explanation of the effects of the symptoms,

including pain, on the individual's ability to work.  Richard C. Ruskell, *Social Security Disability*

*Claims Handbook* (2015 Edition), 214 n.5.

According to SSR 96-8p, the RFC assessment "must include a narrative discussion

describing how the evidence supports each conclusion, citing specific medical facts… and

nonmedical evidence."  Courts have held that an ALJ failed to follow SSR 96-8p "by merely

summarizing the medical evidence.  The Ruling requires a narrative discussion of the RFC to show

how the evidence supports the ALJ's conclusion."  *Munday v. Astrue*, 535 F.Supp. 2d 1189, 129

Soc. Sec. Rep. Serv. 726 (D. Kan. 2007).  The RFC assists the ALJ in determining whether the

claimant retains enough vocational capacity to return to work.  When calculating the RFC, the ALJ

must take all factors into account and explain his conclusions with substantial evidence.  *See*

*Kotofski v. Astrue*, 157 Soc. Sec. Rep. Serv. 313, 2010 WL 3655541 (D. Md. 2010).

Furthermore, the ALJ must accompany his decision with sufficient explanation to allow a

reviewing court to determine whether the Commissioner's decision is supported by substantial

evidence.  The Commissioner is required to include in the text of [his] decision a statement of the

reasons for that decision.  *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986).  The ALJ's

"decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge. . . ." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).

In assessing Claimant's credibility, the ALJ's statements provided above in bullet points demonstrate that the ALJ found Claimant's self-reported symptoms and limitations "less persuasive" because they were not consistent with the medical records in evidence and the ALJ's RFC. Additionally, the ALJ did not specifically address Claimant's Migraine Journal when discussing her RFC or credibility. The ALJ cites to exhibit E14, consisting of Claimant's Migraine Journal, while generally describing Claimant's allegations of migraine headaches and the resulting pain (Tr. at 16). Even if the ALJ's credibility assessment were found to be, at best, comingled with the RFC, the ALJ still fails to discuss the Migraine Journal evidence. The ALJ should evaluate whether the Migraine Journal is supportive or inconsistent with the other evidence and testimony provided, as well as, whether it supports or alters his reliance on Dr. Cobb's medical opinion.[5] Therefore, this Court recommends the District Judge find that Defendant's credibility assessment and the RFC's evaluation of all evidence are not supported by substantial evidence. Other issues raised by the parties shall be addressed on remand.

## Conclusion

The undersigned proposes that the United States District Court remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to consider whether Exhibit 11F, when reviewed with the entire record satisfies the criteria for Listing 4.02 .

---

[5] Dr. Cobb's Consultative RFC comments that Claimant did not provide a diary of her migraine attacks (Tr. at 354).

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 10), **DENY** the Commissioner's Brief in Support of the Defendant's Decision (ECF No. 11), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge Thomas E. Johnston.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  February 1, 2016

Dwane L. Tinsley
United States Magistrate Judge

12